Michele R. Stafford, Esq. (SBN 172509)
Matthew P. Minser, Esq. (SBN 296344)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, California 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: mminser@sjlawcorp.com

Attorneys for Plaintiffs, District Council 16 Northern
California Health and Welfare Trust Fund, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RBE CONSTRUCTION INC., a California corporation, doing business as SLINGSHOT DRYWALL,<br><br>Defendant. | Case No.: 17-CV-03327-HSG<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto that Judgment shall be entered in the within action in favor of Plaintiffs District Council 16 Northern California Health and Welfare Trust Fund, et al. ("Plaintiffs" or "Trust Funds") and against Defendant RBE CONSTRUCTION INC., a California corporation, doing business as SLINGSHOT DRYWALL, (hereinafter referred to as "Defendant") as follows:

1. Defendant was signatory to and bound by the terms of a Collective Bargaining Agreement(s) ("Bargaining Agreement") with the Plaintiff Union ("Union"). The Bargaining Agreement was terminated effective June 30, 2018.

2. Roberto Elizondo confirms that he is the RMO/CEO/President of Defendant RBE

1

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. 17-cv-03327-HSG**

CONSTRUCTION INC., a California corporation, doing business as SLINGSHOT DRYWALL, and is authorized to enter into this Stipulation on its behalf.

3. Defendant specifically consents to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendant further confirms that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant joins or merges, if any, shall also be bound by the terms of the Stipulation as Guarantor. This shall include any additional entities in which Guarantor is an officer, owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

4. The Parties hereby stipulate that **Judgment shall be entered against Defendant RBE CONSTRUCTION INC., a California corporation, doing business as SLINGSHOT DRYWALL and in favor of Plaintiffs in the amount of $95,000.00**. Said Judgment is entered pursuant to the terms of a confidential settlement reached by the Parties.

**REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION**

5. **Notice requirements** pursuant to the terms of this Stipulation are as follows:

   a) <u>Notices to Defendant</u>: Wallace Smith, Squire Patton Boggs, 275 Battery Street, Suite 2600, San Francisco, California 94111;
   email: wallace.smith@squirepb.com

   b) <u>Notices to Plaintiffs</u>: Michele R. Stafford, Saltzman & Johnson Law Corporation, 1141 Harbor Bay Parkway, Suite 100, Alameda, CA 94502; email: mstafford@sjlawcorp.com , copy to compliance@sjlawcorp.com

6. The requirements pursuant to the terms of this Stipulation are as follows:

   a) **Monthly Payments**: Defendant shall pay the Judgment amount of $95,000.00 pursuant to the following terms:

   i) Payments in the amount of **$2,639.00 per month** shall begin on August 15, 2019, and continue on or before the 15th (fifteenth) day of each month thereafter **for a period of thirty-six (36) months**. Plaintiffs may require that Defendant pay electronically by ACH/wire transfer, or by cashier's check.

         ii) Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

         iii) Payments shall be applied first to interest, at the rate of 5% per annum in accordance with the Bargaining Agreement(s) and Trust Agreements. <u>Interest has been included in the monthly payment amount set forth above, assuming timely payments over the 36-month term of the payment plan</u>.

    b) **Contributions:** If Defendant becomes signatory to the Plaintiff Union, or if an obligation for Defendant to contribute to the Plaintiff Trust Funds otherwise arises[1], then Defendant shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining or other related Agreement(s).

    c) <u>**Audit**</u>**:** If Defendant becomes signatory to the Plaintiff Union, or if an obligation for Defendant to contribute to the Plaintiff Trust Funds otherwise arises[1], then Defendant shall comply with the Trust Funds' request for an audit of Defendant's payroll records pursuant to the requirements of Defendant's Collective Bargaining and/or other related Agreement and/or the Plaintiffs' Trust Agreements, Defendant must contact the auditor within seven days of receiving notice, and must schedule the audit as requested. Defendant must fully comply with the audit by keeping the scheduled appointment for the audit and making all documentation requested by the auditor available for inspection.

         i) In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report and written demand for payment to Defendant. In the event that the audit findings are not contested, payment in full shall be delivered to Michele R. Stafford at the address provided above within ten days of the date of the demand letter.

         ii) In the event that Defendant disputes the audit findings, Defendant must provide the dispute in writing, with all supporting documentation, within ten days of the date of the demand. Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment in full of the amount requested in the above-described demand letter, plus additional

---

[1] An example of a circumstance where such an obligation would arise is Defendant becoming signatory to a Project Labor Agreement ("PLA") requiring contributions to the Plaintiff Trust Funds as a condition of the PLA.

3

JUDGMENT PURSUANT TO STIPULATION
Case No. 17-cv-03327-HSG

interest, will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due. Plaintiffs shall send a revised written demand for payment to Defendant. Payment in full shall be delivered to Michele R. Stafford at the address provided above within ten days of the date of the demand letter.

    iii) If Defendant is unable to make payment in full, Defendant may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendant shall execute the Amended Judgment or Amendment to Judgment within ten days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

    iv) Failure by Defendant to fully comply with the audit, and/or submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall constitute a default of the obligations under this agreement.

  7. In summary, Defendant shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

| **Required Submissions** | **Delivery deadlines[2]** | **Delivery locations** |
|---|---|---|
| **Stipulated payments in the amount of $2,639.00** payable to *District Council 16 Northern California Trust Funds* | 15th day of each month (8/15/19-7/15/22) | Michele R. Stafford<br>Saltzman & Johnson Law Corp.<br>1141 Harbor Bay Parkway, #100<br>Alameda, CA 94502 |
| **Current contribution reports and payments** payable to *District Council 16 Northern California Trust Funds* (only if required) | If Defendant becomes signatory to the Union, or if an obligation for Defendant to contribute to the Plaintiff Trust Fund otherwise arises, then Defendant shall submit its current contribution reports pursuant to this section as required by the terms of that Agreement | District Council 16 Northern California Trust Funds<br>P.O Box 4816<br>Hayward, CA 94540<br><br>Plus copies to:<br>compliance@sjlawcorp.com<br>(subject: "Slingshot");<br>or<br>Michele R. Stafford<br>Saltzman & Johnson Law Corp.<br>1141 Harbor Bay Parkway, Ste 100, Alameda, CA 94502 |

---

[2] If the Stipulation has not been fully satisfied by 7/15/22, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

8. Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, or failing to endorse a joint check provided for the payment of amounts due under the terms of this Stipulation including current contributions, shall constitute a default of the obligations under this Stipulation.

## DEFAULTS UNDER THE TERMS OF THIS STIPULATION

9. If default occurs, Plaintiffs shall make a written demand to Defendant to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs.

10. A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

## MISCELLANEOUS PROVISIONS

11. The above requirements remain in full force and effect regardless of whether or not Defendant has ongoing work, whether Defendant's account with the Trust Funds is active, or whether Defendant is signatory to a Collective Bargaining Agreement with the Union.

12. Payments made by joint check shall be endorsed on behalf of Defendant prior to submission, and may be applied toward Defendant's monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendant's monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

13. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant as to the final amount due.

14. Other than the notice specified in Section 9, Defendant waives any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.

5

15. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

16. Defendant has represented that it does not intend to file for Bankruptcy protection. In the event that Defendant files for Bankruptcy protection, Defendant specifically agrees that the amounts due hereunder, which are employee benefits and related sums, shall not be dischargeable. Defendant agrees to reaffirm this debt, and will not request that the debt be discharged.

17. Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

18. This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

19. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

20. Defendant represents and warrants that it has had the opportunity to be or has been represented by counsel of its own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that its principal has read this Stipulation with care and is fully aware of and represent that it enters into this Stipulation voluntarily and without duress.

21. Plaintiffs will cooperate with Defendant and promptly (within 5 business days) provide any necessary release(s) of any claims by the Plaintiff Trust Funds to general contractor E.F. Brett and Company, Inc. required to release monies Defendant alleges is owed to it by E.F. Brett. If requested, Plaintiffs will also promptly (within 5 business days) provide a letter to general contractor E.F. Brett. The letter will include acknowledgment of the Parties' settlement of this action, confirmation that Plaintiffs have no objection to E.F. Brett paying Defendant RBE any amounts owing to Defendant RBE directly (without the necessity of a joint check) and confirmation of Defendant RBE's termination of its Bargaining Agreement with the Union effective June 30, 2018 (as indicated by the Plaintiff Trust Funds' records). Plaintiffs further agree to cooperate with Defendant RBE and provide any requested letters to

any third parties confirming the nature of the parties' settlement based on monthly payments.

22. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: August 2, 2019

**RBE CONSTRUCTION INC., a California corporation, doing business as SLINGSHOT DRYWALL**

By: _____/s/_____
Roberto Elizondo, RMO/CEO/President

DATED: August 5, 2019

**DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.**

By: _____/s/_____
Robert Williams
Trustee of Plaintiff Trust Funds

DATED: August 5, 2019

**DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.**

By: _____/s/_____
Frank Nunes
Trustee of Plaintiff Trust Funds

**APPROVED AS TO FORM:**

DATED: August 2, 2019

**SQUIRE PATTON BOGGS (US) LLP**

By: _____/s/_____
Wallace E. Smith, Esq.
Erik Morrison, Esq.
Attorneys for Defendant

//
//
//
//
//
//
//
//
//

**JUDGMENT PURSUANT TO STIPULATION**
Case No. 17-cv-03327-HSG

| | |
|---|---|
| DATED: August 5, 2019 | **SALTZMAN AND JOHNSON LAW CORPORATION** |
| | By: _____/s/_____<br>Matthew P. Minser, Esq.<br>Attorneys for Plaintiffs |

**IT IS SO ORDERED.**

Dated: _____, 2019    _____
UNITED STATES DISTRICT COURT JUDGE

8

JUDGMENT PURSUANT TO STIPULATION
Case No. 17-cv-03327-HSG

any third parties confirming the nature of the parties' settlement based on monthly payments.

22. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: August 2, 2019

**RBE CONSTRUCTION INC., a California corporation, doing business as SLINGSHOT DRYWALL**

By: *Roberto B. Elizondo*
Roberto Elizondo, RMO/CEO/President

DATED: August , 2019

**DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.**

By: _____
Robert Williams
Trustee of Plaintiff Trust Funds

DATED: August , 2019

**DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.**

By: _____
Frank Nunes
Trustee of Plaintiff Trust Funds

**APPROVED AS TO FORM:**

DATED: August 2, 2019

**SQUIRE PATTON BOGGS (US) LLP**

By: _____
Wallace E. Smith, Esq.
Erik Morrison, Esq.
Attorneys for Defendant

//
//
//
//
//
//
//
//
//
//

7

any third parties confirming the nature of the parties' settlement based on monthly payments.

22. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: August    , 2019

**RBE CONSTRUCTION INC., a California corporation, doing business as SLINGSHOT DRYWALL**

By: _____
Roberto Elizondo, RMO/CEO/President

DATED: August 5, 2019

**DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.**

By: _____
Robert Williams
Trustee of Plaintiff Trust Funds

DATED: August    , 2019

**DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.**

By: _____
Frank Nunes
Trustee of Plaintiff Trust Funds

**APPROVED AS TO FORM:**

DATED: August    , 2019

**SQUIRE PATTON BOGGS (US) LLP**

By: _____
Wallace E. Smith, Esq.
Erik Morrison, Esq.
Attorneys for Defendant

//
//
//
//
//
//
//
//
//

DATED: August 5, 2019        **SALTZMAN AND JOHNSON LAW**
                             **CORPORATION**

                             By: _____
                             Matthew P. Minser, Esq.
                             Attorneys for Plaintiffs

**IT IS SO ORDERED.**

Dated: August 6, 2019

_____
UNITED STATES DISTRICT COURT JUDGE

**JUDGMENT PURSUANT TO STIPULATION**
Case No. 17-cv-03327-HSG